UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VERONICA TROCHE, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE KITCHEN STORE AND NATURE'S PANTRY, INC.,<br><br>Defendant, | Case No. 1:22-cv-7103 |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO TRANSFER TO ARKANSAS FEDERAL COURT**

**TABLE OF AUTHORITIES**

**CASES**

*Arrow Electronics, Inc. v. Ducommun Inc.,* 724 F.Supp. 264,266 (S.D.N.Y. 1989)............ 5

*Billing v. Commerce One, Inc.,* 186 F.Supp.2d 375, 377 (S.D.N.Y. 2002) ...................... 3,4

*In re Warrick,* 70 F.3d 736, 741 (2d Cir. 1995) ......................................................... 4

*Stewart Orgs., Inc. v. Ricoh Co,p.,* 487 U.S. 22, 29, (1988) ..................................................3

*Westwood Ventures, Ltd. v. Farzan Financial Grp.,* No. 97 CIV. 514(WK), 1997 WL 266970 at *2 (S.D.N.Y. May 19, 1997) ................................................................................3,4,5

*ZPC 2000, Inc. v. SCA G,p., Inc.,* 86 F.Supp.2d 274,280 (S.D.N.Y. 2000) ................................. 4

**STATUTES**

28 U.S.C. §139l(b) ............................................................................................................... 2
28 U.S.C. §1404(a).......................................................................................................... 2,3,5

**RULES**
Fed. R. Civ-. P. 12(b)(3) ........................................................................................... 2

**I.      PRELIMINARY STATEMENT**

Defendant, The Kitchen Store and Nature's Pantry, Inc., respectfully submits this Memorandum of Law in support of its Motion to Transfer to Arkansas Federal Court pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. §1404(a). Pursuant to 28 U.S.C. § 1391(b), venue would continue to be proper if the case is transferred to the Eastern District of Arkansas, as Defendant resides in that judicial district and is the only Defendant in the action.

Plaintiff, Veronica Troche, alleges claims against the Defendant for: (1) violation of 42 U.S.C. §§12181, et seq. – Title III of the Americans with Disabilities Act; (2) violation of New York State Human Rights Law, N.Y. Exec. Law Article 15 (Executive Law §292, et. seq.)); (3) violation of New York State Civil Rights Law, NY CLS Civ R, Article 4 (CLS Civ R §40, et seq.)); (4) violation of New York City Human Rights Law, N.Y.C. Administrative Code § 8-102, et seq.); and (5) declaratory relief.  Plaintiff claims that she, a self-described blind person who resides in Bronx, New York, was unable to utilize the Defendant's website to purchase goods from Defendant.

For the reasons set forth below, Defendant respectfully moves this Court to transfer this action to the U.S. District Court, Eastern District of Arkansas.

**II.     ARGUMENT**

Federal Rule of Civil Procedure 12(b)(3) provides that a defendant may raise the issue of improper venue by motion. In a civil action, venue is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

District courts may, for the "convenience of parties and witnesses, in the interest of justice," transfer a civil case to any other district or division where it might have been brought originally. 28 U.S.C. 1404(a); *see also Billing v. Commerce One, Inc.,* 186 F.Supp.2d 375, 377 (S.D.N.Y. 2002). As a threshold matter, venue must be proper in the district in which transfer is sought. *See Billing,* 186 F.Supp.2d at 377.

The burden is on the party seeking transfer to demonstrate by clear and convincing evidence "that the balance of convenience is strongly in favor of the alternate forum." *Westwood Ventures, Ltd. v. Forum Financial Grp.,* No. 97 CIV. 514(WK), 1997 WL 266970 at *2 (S.D.N.Y. May 19, 1997). This court has the discretion to determine whether transfer is warranted "according to an individualized, case-by-case consideration of convenience and fairness." *Id.* (citing *Stewart Orgs., Inc. v. Ricoh Corp.,* 487 U.S. 22, 29, (1988).

This action could have originally been brought in the Eastern District of Arkansas because the Defendant is a citizen of that district. Even though the Complaint alleges that the events or omissions giving rise to the Complaint occurred in New York, the evidence in the record is that the majority of the Defendant's business is conducted in person at its brick-and-mortar location in Conway, Arkansas. In fact, online sales from the website that lies at the center of this suit only accounts for 10% of the Defendant's annual sales revenue.

In deciding whether a case should be transferred, this Court weighs several factors, including:

> (1) the plaintiff's choice of forum; (2) the locus of the operative facts; (3) the convenience and relative means of the parties; (4) the convenience of witnesses; (5) the availability of process to compel the attendance of witnesses; (6) the location of physical evidence, including documents; (7) the relative familiarity of the courts with the applicable law; (8) the interests of justice, including the interests of trial efficiency.

*Billing,* 186 F.Supp.2d at 377.

While a plaintiff's choice of forum is generally entitled to "substantial consideration," when a plaintiff brings a suit in a forum with no material connection with the action, this factor is given little weight. *See In re Warrick,* 70 F.3d 736, 741 (2d Cir. 1995); *see also ZPC 2000, Inc. v. SCA Grp., Inc.,* 86 F.Supp.2d 274, 280 (S.D.N.Y. 2000). Here, there was no business conducted between the parties; Plaintiff alleges she "intended" or "attempted" or was "deterred" to make purchases. (See Complaint ¶¶ 10, 18, 36). Even if Plaintiff had conducted business with the Defendant, the transaction would have been conducted in Conway, Arkansas at the Defendant's sole physical location – the only business interaction in New York would have been the delivery of the product.

In *Westwood, supra,* the court granted transfer to Maine where the plaintiff was a New York-based company that filed claims of fraud, breach of contract and negligence against the Maine-based defendant. The court analyzed whether New York bore a material connection to the transaction and determined that despite the fact that some meetings had taken place in New York, the factual nexus to New York was minimal and the locus of the operative facts underlying plaintiff's claims took place in Maine. *Id.* The scenario in *Westwood* is akin to the present matter in that the Defendant's website was created and is managed in Conway, Arkansas; all employees of Defendant including those who answer phone calls and emails from customers and potential customers, and those who pack and ship all online sales, are located in

4

Conway Arkansas. Just as in *Westwood* the factual nexus to New York is minimal, and similarly, factor two weighs in favor of transfer to the Eastern District of Arkansas.

Next, the third through sixth factors weigh in favor of transferring venue because (1) the Defendant is a small, closely held, private corporation operated by a mother and her two daughters and traveling to New York for the trial will create personal and financial hardships (Factor 3) (See Affidavit of Defendant); (2) other witnesses, such as the Defendant's website designer, whose testimony will be necessary at trial will also suffer personal and financial hardship traveling to New York for the trial (Factors 4 & 5) (See Affidavit of Defendant); (3) the location of the evidence, which not only includes the testimony of the witnesses mentioned above, but also any documentary evidence, is located in Arkansas (Factor 6). Accordingly, it will be more convenient for both the witnesses and parties for this matter to proceed in the Eastern District of Arkansas. This Court has recognized that "the convenience of the party and the non-party witnesses is the most important factor in the analysis under Section 1404(a)." *Westwood,* at* 4; see also *Arrow Electronics, Inc. v. Ducommun Inc.,* 724 F.Supp. 264,266 (S.D.N.Y. 1989).

Both the Southern District of New York and the Eastern District of Arkansas have equal familiarity with the ADA, which is the overarching law under which the Plaintiff filed her complaint. Defendant concedes that to the extent the Plaintiff also seeks redress for alleged violation of New York State law, the New York District Court may have greater familiarity. However, in light of the fact that the nexus to New York is minimal, there is some question as to whether the New York state law even applies to the facts of this case. The Eastern District of Arkansas is more than capable of making this determination, and therefore Factor seven weighs in favor of transfer.

The eighth and final factor relating to the interests of justice weighs heavily in favor

5

of transferring this action to the Eastern District of Arkansas. The presence of the Defendant in New York is only possible because of the prolific reach of the Internet. Any interaction between Plaintiff and Defendant took place exclusively in Arkansas, where the Defendant's sole brick-and-mortar store is located; where the Defendant's website is generated, monitored, and managed; and from where all customer sales are transacted.

Moreover, the case load in Eastern District of Arkansas is substantially less than in the Southern District of New York, which further tilts the justice and efficiency scale toward transfer to Arkansas. According to the Federal Judicial Caseload Statistics, available at https://www.uscourts.gov/report-names/federal-judicial-caseload-statistics, in the 12-month period ended March 31, 2022, cases filed in the Southern District of New York numbered 11,460 as compared to 1,816 filed in the Eastern District of Arkansas. The transfer to Arkansas will lessen the burden on the congested courts of the Southern District of New York and lead to a more efficient and expeditious outcome of this case.

### III.  CONCLUSION

Given the circumstances of this case, and in light of the analysis of all of the factors to consider upon a motion to transfer venue, it is respectfully requested that this case be transferred to the Eastern District of Arkansas.

Respectfully submitted,

_____
Carla L. Miller (AR2012123;NY5156666)
James, House, Swann & Downing, P.A.
PO Box 3585
Little Rock, AR 72203
(501) 372-6555
cmiller@jamesandhouse.com

        and

        Scott J. Goldstein (4291811)
        Law Offices of Scott J. Goldstein, LLC
        280 West Main Street
        Denville, NJ 07834
        Tel: 973-453-2838
        Fax: 973-453-2869
        sjg@sgoldsteinlaw.com

CERTIFICATE OF SERVICE

      I, Carla L. Miller, attorney for Plaintiff, state that I have delivered on November 21, 2022, via electronic mail and via the Court's Electronic Filing system, a true and correct copy of the foregoing pleading to the following parties and/or attorney(s) of record:

Noor A. Saab  
Attorney at law  
380 North Broadway, Suite 300  
Jericho, NY. 11753  
NoorASaabLaw@gmail.com

                                             Carla L. Miller